# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : 3:18-CR-223 |
| | : (JUDGE MARIANI) |
| SHAWN CHRISTY, | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION

In a twelve-count Second Superseding Indictment filed on December 11, 2018 (Doc. 47), Defendant Shawn Christy ("Defendant") has been charged with numerous federal crimes, including threats made against the President of the United States (Count 1) and others (Counts 2-4), interstate transportation of stolen vehicles (Counts 5-6), and various firearms offenses (Counts 7-12). Contending that the Second Superseding Indictment improperly joins charges and that such misjoinder unfairly prejudices him, violating Federal Rules of Criminal Procedure 8(a) and 14(a), Defendant has filed a Motion for Severance of Counts ("Motion for Severance") (Doc. 67) seeking separate trials for the "threat" counts (Counts 1-4) and the "fugitive" counts (Counts 5-12). The parties have fully briefed the Motion for Severance. (Doc. 68, Doc. 79, Doc. 85). For the reasons discussed in detail below, the Court will deny the Motion for Severance, but will bifurcate the trial proceedings between Counts 1-11 and 12 (felon in possession of a firearm) because of the risk of unfair prejudice.

## II. BACKGROUND

The list of crimes with which Defendant has been charged has grown. Defendant was first indicted by a grand jury on July 10, 2018 (Doc. 6) on four counts of issuing threats in early June 2018 against the President of the United States in violation of 18 U.S.C. § 871, and against law enforcement and an individual identified as "J.M." in violation of 18 U.S.C. § 875(c). An arrest warrant was issued by Magistrate Judge Mehalchick the same day. (Doc. 9). However, Defendant was not apprehended by law enforcement until October 2018, when he was arrested in Ohio and was subsequently transferred to this District. (*See* Doc. 12, Doc. 13). The Government alleges that this delay was due to Defendant's flight from this District "to avoid apprehension on [the instant] charges (as well as unrelated state charges)," and that Defendant committed additional crimes while in flight. (Doc. 79 at 1).

On November 27, 2018, the grand jury issued a superseding indictment, retaining the four threat counts and adding seven counts: one count of interstate transportation of a stolen vehicle, and six firearms-related counts, including interstate transportation of a stolen firearm, interstate transportation of a firearm while under an information for a felony, and unlawful possession of a firearm while a fugitive and a convicted felon. (Doc. 28). All of these additional offenses were alleged to have been committed in late July and August 2018, after Defendant was first indicted and the arrest warrant issued. (*See, e.g., id.* at 5 (interstate transportation of stolen 2008 Dodge Caravan between July 29, 2018 and August 3, 2018)). Although not explicit in any of the indictments, the Government asserts in its

response to the Motion for Severance that Defendant wrote notes and letters while evading law enforcement that explained why he committed crimes "while a fugitive" and that gave "one last warning" to the U.S. Marshals seeking his capture:

> [Note:] I have been forced into a war which I did not want to fight, which has caused me to do many things which I very deeply regret. I can only hope that any good I am able to do will outweigh the bad on the scales of my life.
>
> [Letter to U.S. Marshals:] I will give you guys one last warning. Stay out of my way. You guys have played too many games and have proven that your words are lies and that you cant [sic] be trusted. If you want a war, I will give you a war. And I will promise you I will give you everything I got. Back down.

(Doc. 79 at 7-8). On December 11, 2018, the grand jury returned the final indictment, the Second Superseding Indictment, retaining all of the counts in the previous indictments, and adding a single additional count of interstate transportation of a stolen vehicle, a 2002 Ford F-350 allegedly transported by Defendant across state lines "on or about and between July 7, 2018 and July 8, 2018." (Doc. 47 at 5, Doc. 50). The Second Superseding Indictment is the subject of Defendant's Motion for Severance.[1]

---

[1] The comprehensive list of counts in the Second Superseding Indictment (Doc. 47) is as follows:

> Count 1: Threats made on or about June 12, 2018 against the President of the United States (Facebook posting that Defendant "was going to shoot President Donald J. Trump in the head"), in violation of 18 U.S.C. § 871.
>
> Count 2: Threats made on or about June 3, 2018 against law enforcement (Facebook posting that Defendant would "'use lethal force on any law enforcement officer that attempts to detain' [Defendant] as a result of a bench warrant"), in violation of 18 U.S.C. § 875(c).
>
> Count 3: Threats made on or about June 12, 2018 against a person, J.M. (Facebook posting that Defendant "promised to out a bullet in the head of J.M."), in violation of 18 U.S.C. § 875(c).

3

## III. DISCUSSION

Defendant makes two arguments in his Motion for Severance and supporting briefs. First, he argues that joinder of the threat counts (Counts 1-4) and the fugitive counts (Counts 5-12) is improper under Federal Rule of Criminal Procedure 8(a), because the offenses are "dissimilar," are "not based on the same acts or transactions," and are "not

---

Count 4: Threats made on or about June 12, 2018 against a person, J.M. (Facebook posting "'You're a dead man [J].M. . . . Lets play.'"), in violation of 18 U.S.C. § 875(c).

Count 5: Interstate transportation of a stolen black 2002 Ford F-350 from Pennsylvania to New York on or about and between July 7, 2018 and July 8, 2018, in violation of 18 U.S.C. § 2312.

Count 6: Interstate transportation of a stolen silver 2008 Dodge Caravan from Pennsylvania to West Virginia on or about and between July 29, 2018 and August 3, 2018, in violation of 18 U.S.C. § 2312.

Count 7: Interstate transportation of a stolen 9mm firearm from Pennsylvania to Maryland on or about and between July 25, 2018 and August 20, 2018, in violation of 18 U.S.C. § 922(i).

Count 8: Interstate transportation of a stolen .22 caliber firearm from Pennsylvania to Kentucky on or about and between July 25, 2018 and August 20, 2018, in violation of 18 U.S.C. § 922(i).

Count 9: While under an information for a state felony offense (aggravated assault), interstate transportation of a stolen 9 mm firearm from Pennsylvania to Maryland on or about and between July 25, 2018 and August 20, 2018, in violation of 18 U.S.C. § 922(n).

Count 10: While under an information for a state felony offense (aggravated assault), interstate transportation of a stolen .22 caliber firearm from Pennsylvania to Kentucky on or about and between July 25, 2018 and August 20, 2018, in violation of 18 U.S.C. § 922(n).

Count 11: While a fugitive from justice, on or about July 25, 2018, possession of firearms, in violation of 18 U.S.C. § 922(g)(2).

Count 12: On or about July 25, 2018, possession of firearms by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

connected by a common scheme or plan." (Doc. 67 at 3, Doc. 68 at 3-4). He also argues that he "will suffer undue prejudice from the joinder of Counts 5 through 12 with Counts 1 through 4, requiring severance under Fed. R. Crim. P. 14(a)." (Doc. 67 at 3, Doc. 68 at 4-7, Doc. 85). As Federal Rule of Criminal Procedure 8(a) and 14(a) provide the governing standard of joinder, the Court will begin its analysis with an examination of Rule 8(a) and 14(a) before turning to Defendant's arguments.

### A. STANDARD UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 8(A) AND 14(A).

Federal Rule of Criminal Procedure 8(a) governs joinder of offenses in federal criminal litigation:

> **(a)** **Joinder of Offenses.** The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a).[2] "The joinder of [a] defendant's offenses is consistent with the purpose of Fed. R. Crim. P. 8 to promote economy of judicial and prosecutorial resources."

---

[2] Federal Rule of Criminal Procedure 8(b), not directly at issue here, governs joinder of defendants. Rule 8(a) and 8(b) are similar in operation:

> The standards of Rule 8(a) and (b) joinder are nearly the same. Both permit joinder of offenses and defendants, respectively, when a transactional nexus exists between the offenses or defendants to be joined. Only Rule 8(a), however, permits joinder on an additional theory, that is when offenses "are of the same or similar character" . . . Theoretically, then, Rule 8(a) provides wider latitude for joinder than does Rule 8(b). Nonetheless, in many cases the focus of joinder of offenses or defendants will be the same: do the offenses or defendants to be joined arise out of a common series of acts or transactions.

5

*United States v. Gorecki*, 813 F.2d 40, 42 (3d Cir. 1987) (citing *United States v. Werner*, 620 F.2d 922, 928 (2d Cir. 1980)). "Joinder of charges is the rule rather than the exception and Rule 8 is construed liberally in favor of initial joinder." *United States v. Brown*, No. 02-cr-146, 2002 WL 32739530, at *3 (M.D. Pa. Dec. 17, 2002) (quoting *United States v. Bullock*, 71 F.3d 171, 174 (5th Cir. 1995)). "Trial judges may look beyond the face of the indictment to determine proper joinder in limited circumstances. Where representations made in pretrial documents other than the indictment clarify factual connections between the counts, reference to those documents is permitted." *United States v. McGill*, 964 F.2d 222, 242 (3d Cir. 1992) (citing *United States v. Serubo*, 460 F. Supp. 689, 693 (E.D. Pa. 1978), *vacated on other grounds*, 604 F.2d 807 (3d Cir. 1979)). The party challenging joinder bears the burden of persuasion. *United States v. Avila*, 610 F. Supp. 2d 391, 394-95 (M.D. Pa. 2009) (citing *Brown*, 2002 WL 32739530, at *3). "Additionally, a defendant claiming an improper joinder under Fed. R. Crim. P. 8(a) must prove actual prejudice from the misjoinder." *Gorecki*, 813 F.2d at 42 (citing *United States v. Lane*, 474 U.S. 438 (1986)).

Courts have interpreted Rule 8(a) as allowing joinder of offenses when there is a "'transactional nexus' between the items . . . being joined." *McGill*, 964 F.2d at 241 (quoting *United States v. Eufrasio*, 935 F.2d 553, 570 n. 20 (3d Cir. 1991)). This transactional nexus

---

*United States v. Eufrasio*, 935 F.2d 553, 570 n. 20 (3d Cir. 1991) (quoting Fed. R. Crim P. 8) ("[W]hen a joinder of offenses charged against the same defendant is challenged, the literal meaning of the Rule requires application of Rule 8(a), irrespective of whether multiple defendants are involved in the case.").

can be based on a physical, temporal, or logical connection between offenses, such as an interrelation of facts or evidence. *See, e.g., Gorecki*, 813 F.2d at 42 (drug and firearms offenses related in circumstance when firearm found in the same house where drugs were found, indicating the firearm could have been used as part of a plan to distribute the drugs); *McGill*, 964 F.2d at 242 (joinder of tax evasion and bribery offenses proper where defendant lawyer demanded and received cash for payment of legal services, evading payment of taxes, and also used the cash received in furtherance of the bribery scheme); *United States v. Brown*, No. 07-cr-296, 2008 WL 161146, at *5 (E.D. Pa. Jan. 16, 2008) (joinder of one firearm offense not proper with later drug offenses allegedly committed seven months later; offenses were "completely unrelated physically *and* temporally" and the firearm offense "involve[d] an isolated incident of [defendant's] actual possession [of] a single firearm in public with no evident connection to any drugs or drug crimes"). Applying the transactional nexus concept to fugitive or escape-related crimes, courts in this circuit have found that escape-related crimes are properly joined with underlying offenses that are "'logical predicate[s] to [the] alleged escape, and the escape, in turn, the culminating act 'in the same series of acts.'" *Avila*, 610 F. Supp. 2d at 395 (quoting *United States v. Walker*, No. 07-cr-263, 2008 WL 2247136, at *3 (M.D. Pa. May 30, 2008), *aff'd* 657 F.3d 160 (3d Cir. 2011)). The transactional "nexus depends on the temporal proximity between the offenses, whether the defendant escaped to evade prosecution for the underlying offense, and

7

whether the defendant was in custody for the underlying offense at the time of the flight." *Walker*, 657 F.3d at 169 (quoting *Avila*, 610 F. Supp. 2d at 395).

Even if offenses are properly joined under Rule 8(a), under Federal Rule of Criminal Procedure 14(a), courts may still order separate trials or devise other relief if the joinder appears to prejudice a defendant:

> **(a)** **Relief.** If the joinder of offenses or defendants in an indictment, information, or a consolidation for trial appears to prejudice a defendant or the government, the court *may* order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a) (emphasis added). However, "[t]o establish that severance is warranted, the defendant has the burden of demonstrating 'clear and substantial prejudice' that would result in a manifestly unfair trial." *Brown*, 2008 WL 161146, at *4 (quoting *Eufrasio*, 935 F.2d at 568). This is a "stringent requirement[]," necessitating a specific showing of how a single trial on all counts would prejudice a defendant. *Gorecki*, 813 F.2d at 43 (citations omitted). When evidence is "easily compartmentalized by the jury," or "a case is 'relatively straightforward and discrete, not involving overly technical or scientific issues,'" clear and substantial prejudice does not exist, and severance is not required. *United States v. Fumo*, No. 06-cr-319, 2008 WL 109667, at *2 (E.D. Pa. Jan. 9, 2008) (citing *United States v. Reicherter*, 647 F.2d 397, 400 (3d Cir. 1981), then quoting *United States v. Lore*, 430 F.3d 190, 205 (3d Cir. 2005)). Similarly, if evidence relating to one set of charges would be admissible in a separate trial on the other set of charges, severance is not required.

8

*Gorecki*, 831 F.2d at 42-43; *Fumo*, 2008 WL 109667, at *3. Nevertheless, the lack of perfect cross-admissibility of evidence between sets of charges if separate trials were held does not mean that a single trial would be prejudicial. *See Eufrasio*, 935 F.2d at 568 (citing *United States v. Sandini*, 888 F.2d 300, 307 (3d Cir. 1989)); *Bean v. Calderon*, 163 F.3d 1073, 1085 (9th Cir. 1998) (citations omitted). Even if there is a risk of prejudice, a district court has discretion to fashion an appropriate remedy short of severance, such as limiting instructions to the jury. *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993) ("Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion.") (citations omitted); *see also Richardson v. Marsh*, 481 U.S. 200, 211 (1987) (finding that, typically, "juries are presumed to follow their instructions").

### B. COUNTS 1-4 AND 5-12 ARE APPROPRIATELY JOINED UNDER RULE 8(A).

Defendant's first argument is that, while the threat counts (Counts 1-4) are properly joined together, and the fugitive counts (Counts 5-12) are properly joined together, "the two buckets of charges" do not satisfy the requirements of Rule 8(a). (Doc. 68 at 4). Defendant contends that the threat and fugitive counts "do not involve the same conduct, witnesses, exhibits, or alleged victims," and that the proof that the Government will offer on each set of counts will be different. (*Id.*) The Government responds that "[t]he defendant in this case stole firearms and vehicles to help avoid apprehension by law enforcement on the threat

9

counts (as well as unrelated state charges) previously filed against him." (Doc. 79 at 7). As a result, the Government argues that the threat and fugitive counts "are intertwined and part of the same overall scheme." (*Id.* at 9). The Court agrees. While the firearms and stolen vehicle offenses in Counts 5-12 are not "of the same or similar character" as the threat offenses in Counts 1-4, the Court finds there is enough of a transactional nexus between Counts 1-4 and 5-12 to support joinder under Rule 8(a).

The various indictments are silent on the factual circumstances demonstrating such a transactional nexus, but the Court is permitted to look the Government's response to the Motion for Severance for insight. *See McGill*, 964 F.2d at 242. As noted, the Government explains the temporal and logical connection between the threat and fugitive counts: within a month of two of allegedly making the threats charged in Counts 1-4, Defendant allegedly committed the various firearm and stolen vehicle offenses in Counts 5-12 to evade capture. Defendant also allegedly issued a warning to law enforcement that, while uncharged in the indictments as unlawful threats, is similar to the original threat he allegedly made to law enforcement charged in Count 2.

The factual scenario presented here is like the one presented in this District in *United States v. Avila*, 610 F. Supp. 2d 391 (M.D. Pa. 2009), which applied Federal Rule of Criminal Procedure 8(b) to permit joinder of escape-related charges with underlying drug conspiracy charges. In *Avila*, the defendant, one of several indicted in a drug conspiracy, was also indicted for several escape-related charges while being held in custody for pretrial

detention for the drug conspiracy charges. The escape-related charges included the escape attempt itself, wire fraud, and use of interstate communication facilities in aid of bribery of a prison employee. *Id.* at 393-94. The court found that "the drug conspiracy tainted every aspect of the alleged escape attempt, wire fraud, and bribery of the prison employee." *Id.* at 396. Courts in other circuits evaluating the joinder of escape-related and underlying offense charges have reached the same conclusion. *See, e.g., United States v. Kaler*, 11 F. App'x 400, 402-03 (6th Cir. 2001) (permitting joinder of escape charge with drug trafficking charge); *United States v. Gabay*, 923 F.2d 1536, 1540 (11th Cir. 1991) (permitting joinder in case involving bond jumping). While Defendant was not in law enforcement custody for the threat charges before he allegedly absconded and committed the firearms and stolen vehicle charges in Counts 5-12, the Court finds that a sufficient transactional nexus exists for the reasons advanced by the Government.[3]

Moreover, joinder of threat charges with firearms charges, or other charges, is proper under Rule 8(a) when it evidences that the charges are all part of the same transaction or a common scheme or plan. *See United States v. McIntosh*, No. 13-cr-18, 2016 WL 695742 (N.D. Ga. Jan. 6, 2016); *United States v. Sampson*, No. 05-cr-11, 2006 WL 533377 (W.D. Va. Mar. 2, 2006). *McIntosh* involved a defendant who allegedly

---

[3] The Court notes that Count 5 of the Second Superseding Indictment, unlike the other fugitive counts, charges an offense alleged to have happened several days before the original July 10, 2018 indictment. The Court is uncertain if Defendant was aware of his pending indictment and the issuance of the arrest warrant on July 10, 2018 prior to their occurrence. However, even if he was not, the Court finds that Count 5 is not misjoined due to the similarity between Count 5 and the other fugitive counts, and the lack of actual prejudice that would be caused in a joint trial on all counts, as discussed *infra*.

11

threatened to kill the President and also allegedly unlawfully received firearms during the same two to three week time period. *McIntosh*, 2016 WL 695742, at * 1. The court noted that "given the nature of the charges and the timing, such an argument [that the crimes are related] is plausible." *Id.* *Sampson* involved threat and perjury charges against a defendant, and the court found that the charges constituted a "common scheme or plan" under Rule 8(a) because the defendant allegedly threatened individuals in order to avoid his successful prosecution for perjury. *Sampson*, 2006 WL 533377, at *3. Likewise, in the instant matter, the Court finds it plausible that the "common scheme or plan" involved Defendant first making threats, as alleged in Counts 1-4, and then committing the crimes alleged in Counts 5-12 in order to evade capture. Therefore, Defendant has not met his burden of persuasion to establish that the threat and fugitive counts are misjoined under Rule 8(a).

### C. THE JOINDER OF THE COUNTS DOES NOT CLEARLY AND SUBSTANTIALLY PREJUDICE DEFENDANT.

Defendant's next argument in favor of severance of the threat and fugitive counts is that a single trial would unduly prejudice him, necessitating separate trials under Rule 14(a). In part, Defendant contends that the nature of some of the crimes with which he is accused, specifically, the firearms charges, would prejudice a jury against him in evaluating evidence on the threat charges. (Doc. 68 at 6). However, the bulk of Defendant's prejudice argument is focused on the admissibility of evidence relating to each set of charges if separate trials were held. (*See* Doc. 68 at 6-7, Doc. 85 at 4-10). Specifically, Defendant argues that

12

evidence relating to the fugitive counts would not be admissible in a separate trial on the threat counts. (Doc. 85 at 4-10). Thus, he contends that it would be prejudicial to have a single trial on all counts. The Government responds that the evidence relating to each set of counts would be admissible to prove motive, intent, or opportunity and the Court can provide limiting instructions to the jury to mitigate prejudice in this simple case. (Doc. 79 at 12-15).

The Court finds that Defendant has not proven that he would face "clear and substantial prejudice" by facing a single trial on all counts. *Brown*, 2008 WL 161146, at *4. To begin, Defendant does not convincingly support his argument that evidence regarding the firearms charges "tends to make Mr. Christy appear to be a generally dangerous person" and will lead to prejudice when a jury considers the threat charges. (Doc. 68 at 6). If firearms charges involving the unlawful possession of weapons were truly that inflammatory and prejudicial, then that would mean that such charges could never be joined with other charges in a single trial. Rule 14(a) contains no categorical guidance that firearms charges, or other types of charges, so potentially infect a jury with bias that multiple trials are necessary when a defendant is charged with firearms offenses in addition to other crimes. And the case law bears this point out, as firearms charges are frequently joined with other charges in a single trial without contravening Rule 14(a). *See, e.g., Gorecki*, 813 F.2d at 42-43 (joinder of unlawful possession of a firearm and drug charges was proper); *McIntosh*, 2016 WL 695742, at *1-2 (threat and unlawful receipt of firearms charge properly

joined). Defendant has not specifically demonstrated here how the joinder of the firearms charges with the threat charges would result in a manifestly unfair trial (beyond the issue of admissible evidence discussed below) and why limiting instructions to the jury would not suffice to alleviate the risk of prejudice. Indeed, Defendant does not argue that joinder of the firearms charges in Counts 7-12 with the stolen vehicle charges in Counts 5-6 would cause clear and substantial prejudice and a risk of jury bias on the stolen vehicle charges, even though two of the firearms-related counts involve similar elements regarding knowledge that the items were stolen.

The Court is also not convinced by Defendant's cross-admissibility argument, which hinges on an incorrect, overly rigid understanding of when severance is required under Rule 14(a). As stated previously, it is not the case that, when multiple charges or sets of charges are joined in a single trial, all evidence relating to one charge or set of charges must be admissible in a hypothetical separate trial on the other charge or set of charges. See *Eufrasio*, 935 F.2d at 568 (finding in the context of joinder of defendants and charges that "[p]rejudice should not be found in a joint trial just because all evidence adduced is not germane to all counts against each defendant.") (citing *Sandini*, 888 F.2d at 307); *Bean v. Calderon*, 163 F.3d 1073, 1085 (9th Cir. 1998) ("[W]e are mindful that prejudice generally does not arise from joinder when the evidence of each crime is simple and distinct, even in the absence of cross-admissibility.") (citing *United States v. Johnson*, 820 F.2d 1065, 1071 (9th Cir. 1987); *Drew v. United States*, 331 F.2d 85, 91 (D.C. Cir. 1964)). Here, the crimes

14

charged are relatively simple, not involving overly specialized and technical issues, and the evidence is, to an extent, able to be compartmentalized. This case involves distinct threats, made to different individuals on different days; illegal possession and interstate transportation of two different stolen firearms; and interstate transportation of two different stolen vehicles. In these circumstances, careful trial management by the parties and the Court and limiting instructions presented to the jury should suffice to minimize the risk of prejudice.

Even if uniform cross-admissibility of evidence on the threat and fugitive counts was required to avoid severance, the Court is skeptical that evidence regarding each set of counts would not be admissible in hypothetical separate trials. The Court is mindful of the challenges of considering admissibility of evidence in advance of trial, and it undertakes an admissibility analysis only for the purposes of considering the risk of clear and substantial prejudice to Defendant if a single trial on all counts is held. Thus, the Court's statements herein on this issue should not be construed or understood by the parties as a ruling on the admissibility of any evidence which may be presented at trial. In considering admissibility, Federal Rules of Evidence 402, 403, and 404(b) are the Court's lodestar. Fed. R. Civ. P. 402 (relevant evidence admissible; irrelevant evidence not admissible), 403 (relevant evidence can be excluded if "its probative value is substantially outweighed by a danger of," *inter alia*, "unfair prejudice"), 404(b) (evidence of crimes, wrongs, or other acts not admissible as character propensity evidence but "may be admissible for another purpose,

such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"). For the most part, each party does not squarely address the respective position of the other: the Government mainly emphasizes the admissibility of evidence relating to the threat counts in a separate trial on the fugitive counts, while Defendant only focuses his attention on the reverse scenario.

Starting with the admissibility of evidence relating to the threat counts in a separate trial on the fugitive counts, the Court agrees with the Government that such evidence would likely be admissible under Rule 404(b) as relevant evidence of Defendant's motive, intent, and plan to commit the fugitive counts. (Doc. 79 at 12-13 ("[T]he defendant committed the fugitive offenses to avoid apprehension and prosecution for the threat offenses, and the threat offenses show the defendant's motive for committing the fugitive offenses.")); *see, e.g., Gorecki*, 813 F.2d at 43 (evidence relating to drug possession admissible under Rule 404(b) to show motive for not registering a firearm); *Fumo*, 2008 WL 109667, at *3 (evidence of fraud charges admissible under Rule 404(b) to show motive for obstruction of justice charges); *United States v. Chagra*, 754 F.2d 1186, 1189 (5th Cir. 1985) (evidence relating to murder charge admissible under Rule 404(b) to show motive and intent to commit obstruction of justice and drug conspiracy crimes to finance escape from prison). This evidence would also likely satisfy Rule 403: even if it would "place Defendant in a bad light before the jury[,] [e]vidence is not unfairly prejudicial . . . simply because it convincingly incriminates the accused." *Chagra*, 754 F.2d at 1189.

Turning to the other possibility, the admissibility of evidence related to the fugitive counts in a separate trial on the threat counts, the Court finds that it would also likely be admissible under Rule 404(b). In general, evidence related to the fugitive counts could evidence Defendant's consciousness of guilt of the threat offenses. *See, e.g., U.S. v. Heath*, 456 F. App'x 102, 104 (3d Cir. 2011) (evidence of flight and resistance to arrest properly admitted under Rule 404(b) as consciousness of guilt of firearms offense); 3d Cir. Model Crim. Jury Instructions § 4.30 cmt.

The Court reaches this conclusion despite Defendant's urging to the contrary in his Reply Brief by citing to a Fifth Circuit case, *United States v. Myers*, 550 F.2d 1036 (5th Cir. 1977). Defendant contends that because he was also facing charges in state court for unrelated offenses at the time the fugitive offenses were committed, a necessary inference that Defendant was conscious of guilt for the crimes at issue in this action cannot be made. (Doc. 85 at 4-6). In *Myers*, the Fifth Circuit adopted a test for determining the probative value of evidence of flight as consciousness of guilt by looking to four inferences:

> Analytically, flight is an admission by conduct. Its probative value as circumstantial evidence of guilt depends upon the degree of confidence with which four inferences can be drawn: (1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged.

*Myers*, 550 F.2d at 1049 (internal citations omitted). The Fifth Circuit ruled that the third inference was not met in *Myers* because the defendant, on trial for an armed bank robbery

17

committed in Florida, had committed another armed bank robbery in Pennsylvania before fleeing from law enforcement and being arrested in California. *Id.* at 1050. ("Since it is known that Myers committed an armed bank robbery in Pennsylvania between the date on which the Florida robbery occurred and the date of his arrest in California, the hypothesis that he fled solely because he felt guilty about the Pennsylvania robbery cannot be ruled out."). The four inferences test has never been adopted as binding by the Third Circuit, although district courts in the circuit have cited it favorably. *See SEC v. Bonan Huang*, 684 F. App'x 167, 175 n.7 (3d Cir. 2017) (noting court will analyze flight "evidence as we would any other form of evidence, considering its probative value and potential prejudicial effect"). Even so, this case is unlike *Myers*. Here, the Government points to evidence that Defendant allegedly made threatening statements to federal law enforcement officials while on the run from those same federal law enforcement officials who were seeking his capture for the threat charges at issue in this matter. This is enough to establish the contested inference, and demonstrates the potential probative value of the fugitive-related evidence in a separate trial on the threat counts.

Similarly, while the Court agrees with Defendant that the fugitive-related evidence may not be admissible to show his capacity to carry out his alleged threats charged in Counts 1-4 (Doc. 85 at 6-9, discussing *United States v. Himelwright*, 42 F.3d 777 (3d Cir. 1994)), it could be admissible under Rule 404(b) for purposes in addition to consciousness of guilt. In particular, Defendant's issuance of additional threatening statements referencing

18

his alleged crimes while allegedly evading law enforcement could evidence his intent or "absence of mistake" under Rule 404(b) when evaluating his intent when making the alleged threats charged in Counts 1-4. *See United States v. Elonis*, 841 F.3d 589, 596 (3d Cir. 2016) (noting that 18 U.S.C. § 875(c) requires, in part, a subjective intent element that "defendant transmitted a communication for the purpose of issuing a threat or with knowledge that the communication would be viewed as a threat"). For all Rule 404(b) justifications considered by the Court in this Opinion, the Court does not find that the probative value of the evidence would be substantially outweighed by the risk of unfair prejudice.

In sum, the Court finds that it would not cause clear and substantial prejudice under Federal Rule of Criminal Procedure 14(a) to have a joint trial on all counts. However, the Court recognizes the potential risk of prejudice in this matter and will conduct the trial with due regard for the avoidance of unfair prejudice, including the use of limiting instructions to the jury, where necessary, to ensure the fairness of the proceedings. Additionally, the Court will bifurcate Count 12, the felon in possession firearms count, from the rest of the trial to avoid unfair prejudice from the jury hearing about Defendant's past felony conviction. The trial will thus proceed with a first phase on Counts 1-11 with verdict before reconvening for a second phase on Count 12. Because the Court is unaware of what felony offense(s) Defendant has been convicted of and likewise cannot know whether Defendant will testify in

this case, the Court will reserve ruling on any admissibility issues under Federal Rules of Evidence 403, 404, 608, 609, or any other applicable Rules of Evidence.

## IV. CONCLUSION

For the reasons outlined above, the Court will deny Defendant's Motion for Severance and will bifurcate the trial proceedings between Counts 1-11 and Count 12. A separate Order follows.

Robert D. Mariani
United States District Judge