IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, :
:
v. : 3:18-CR-223
: (JUDGE MARIANI)
SHAWN CHRISTY, :
:
Defendant. :

## MEMORANDUM OPINION

In a twelve-count Second Superseding Indictment filed on December 11, 2018 (Doc. 47), Defendant Shawn Christy was charged with a number of federal crimes, including threats made against the President of the United States (Count 1) and other individuals (Counts 2-4), interstate transportation of stolen vehicles (Counts 5-6), and various firearms offenses (Counts 7-12). As relevant to the present motion, Count 1 charges Christy with Threats Against the President of the United States in violation of 18 U.S.C. § 871, and Counts 2, 3, and 4, charge Christy with Transmitting Threatening Communications in violation of 18 U.S.C. § 875(c).

Presently before the Court is Defendant Christy's Motion in Limine requesting that the Court "restrict the way in which the government can refer to Mr. Christy's allegedly threatening communications in the course of examining witnesses" (Doc. 82). More specifically, due to the nature of the charges in Counts 1-4, Defendant's motion appears to request that this Court entirely prevent Government's counsel from using the word "threat" when questioning any witness on direct-examination as well as on cross-examination. The

basis for this motion arises from the presence of the word "threat" within 18 U.S.C. §§ 871 and 875(c), which Defendant asserts is a legal term of art.[1] Thus, Defendant argues that if the Government used the word "threat" in a question, the use of this word would necessarily render a question an improper leading question.

Pursuant to Federal Rule of Evidence 611, "[l]eading questions should not be used on direct examination except as necessary to develop the witness's testimony." However, "[o]rdinarily, the court should allow leading questions: (1) on cross-examination; and (2) when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." Fed. R. Evid. 611(c). Section (c) of Rule 611 "continues the traditional view that the suggestive powers of the leading question are as a general proposition undesirable." Nonetheless, "[w]ithin this tradition . . . numerous exceptions have achieved recognition: The witness who is hostile, unwilling, or biased; the child witness or the adult with communication problems; the witness whose recollection is exhausted; and undisputed

---

[1] Count I alleges a violation of § 871, which states:
Whoever knowingly and willfully deposits for conveyance in the mail or for a delivery from any post office or by any letter carrier any letter, paper, writing, print, missive, or document containing any threat to take the life of, to kidnap, or to inflict bodily harm upon the President of the United States . . . or knowingly and willfully otherwise makes any such threat against the President . . . shall be fined under this title or imprisoned not more than five years, or both.
18 U.S.C. § 871(a) (underline added).

Counts II-IV charge Defendant with violations of § 875(c), which states:
Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both.
18 U.S.C. § 875(c) (underline added).

2

preliminary matters." Fed. R. Evid. 611 advisory committee's note to subdivision (c) (citing 3 Wigmore §§ 774-778). *See also, United States v. Cephus*, 684 F.3d 703, 707 (7th Cir. 2012)("There is no blanket prohibition of [leading] questions. They are permissible when used . . . with friendly witnesses to move direct examination along rather than to elicit testimony damaging to the opposing party that the witness might not have given in response to a neutral question.").

It is a widely-accepted principle that the trial judge has wide discretion to determine whether the circumstances justify the use of leading questions. *United States v. Long*, 649 F.App'x 200, 202 (3d Cir. 2016); Fed. R. Evid. 611 advisory committee's note to subdivision (c) ("The matter clearly falls within the area of control by the judge over the mode and order of interrogation and presentation and accordingly is phrased in words of suggestion rather than command."). *See also, St. Clair v. United States*, 154 U.S. 134, 150, 14 S.Ct. 1002, 38 L.Ed. 936 (1894).

The Government here acknowledges that "it is well within the court's discretion to prohibit leading questions and sustain proper objections to leading questions," but asserts that "the defendant's motion in limine sweeps too broadly." (Doc. 90, at 3). This Court agrees. The Court is unaware of the identity of each witness whom the Government may choose to call during its case-in-chief and is not in a position to determine whether any of those individuals are among those to whom Rule 611 permits the posing of leading questions. Similarly, the Court cannot determine whether a question is, in fact, leading and

objectionable for that reason until the question is asked. The Court declines to make an all-encompassing ruling as to whether Government's counsel may use the word "threat", divorced from the circumstances where any actually-uttered question is being challenged. Indeed, the Court has no way of knowing at this point what testimony will be offered by the Government during its case-in-chief, for what purposes the Government will offer such testimony, or how the Government will attempt to elicit this testimony. Further, the Government's ability to ask leading questions is much broader on cross-examination, and the Court is, again, not now in a position to determine the propriety of any question Government's counsel may choose to ask during cross-examination.

For these reasons, Defendant's motion in limine (Doc. 82) will be denied without prejudice. To the extent that Defendant seeks a blanket ban on the Government's use of the word "threat" when questioning witnesses, such request will be denied. However, if at trial the Government poses a question during examination of a witness which the Defendant believes is impermissibly leading, Defendant shall timely object and set forth the specific basis for such objection, at which time the Court can better evaluate the propriety of the question in light of its scope, content, and purpose.

Robert D. Mariani
United States District Judge